Robert MADISON, Plaintiff,

v.

JACK LINK ASSOCIATES STAGE LIGHTING & PRODUCTIONS, INC., Defendant.

No. 12–61417–CIV.

United States District Court, S.D. Florida.

Signed Dec. 17, 2013.

Michael T. Moore, Andres Benjamin Chiriboga, Scott Andrew Wagner, Moore & Company, Coral Gables, FL, for Plaintiff.

Julie Bork Glassman, Eduardo Cosio, P.A., Coral Gables, FL, for Defendant.

### ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS [DE 129]

WILLIAM MATTHEWMAN, United States Magistrate Judge.

THIS CAUSE is before the Court upon Defendant, Jack Link Associates Stage Lighting & Productions, Inc.'s ("Jack Link") Motion for Leave to Take Additional Depositions [DE 129]. Plaintiff, Robert Madison, ("Madison") filed a Response [135]. This Court held a hearing on Plaintiff's motion on December 2nd, 2013, and the matter is now ripe for review.

#### Facts

Madison filed a Complaint[1] against Jack Link, Holland America, and Legendary Rhythm & Blues Cruise, LLC for personal injuries he allegedly suffered in January of 2013 while on board a ship docked in Fort Lauderdale, Florida [DEs 44, 113]. Madison ultimately settled with Holland America and Legendary Rhythm & Blues Cruise, LLC, and the only remaining defendant in the case is Jack Link [DE 113].

At the time of the hearing, Jack Link had deposed the following nine individuals:

1. Robert Madison (Plaintiff);

2. Angel Narlinger (records custodian of Rebekah's Dreams, Madison's employer at the time of the incident);

3. Andrew Pratt ("lead" or foreman for Madison's employer at the time of the incident);

4. Evan Narlinger (owner of Rebekah's Dreams);

5. Leo McCann (co-worker of Madison and eyewitness);

6. Pam Madison (Madison's wife);

7. David Pellico (friend and reference of Madison);

8. Dr. Stephen Dodds (emergency room physician who treated Madison on the day after the incident); and

9. Dr. Diaz–Gorrichategui (emergency room physician who treated Madison approximately two weeks after the incident).

Additionally, Jack Link had scheduled the deposition of a tenth individual, Claudio DeBonis, for December 2nd, 2013, but it was cancelled. In its Motion, Jack Link seeks leave to depose eight more individuals:

1. Dr. Patrick Gonzalez (physician who performed neuropathy tests on Madison the day after the incident);

2. Dr. David Murray (ship's physician who examined Madison immediately after the incident);

3. T. Bustos–Rocha, R.N. (ship's nurse who examined Madison immediately after the incident);

4. Barry Godschalk (ship's electrician);

5. Dr. Christopher Channon (eye doctor who treated Madison after the incident);

6. Person with the most knowledge from Holland America regarding any ship alterations, repairs, or modifications to the ship's deck from date of incident to present;

7. Kimberly Bishop (Social Security Administration employee who made the

---

**1.** At this stage of the litigation, the Second Amended Complaint is the operative complaint in the case [DE 44].

determination that Madison was disabled); and

8. Dr. Frank Catafulmo (Madison's first treating physician after the incident)

In support of its Motion, Jack Link maintains that the additional depositions it requests are not "unreasonably cumulative or duplicative," and the additional depositions are necessary because Madison claims to have suffered significant injuries and seeks substantial damages.[2] In its Motion, Jack Link argues that each additional witness sought to be deposed "possesses distinct knowledge of the claims and/or issues involved in the lawsuit." [DE 129, p. 5]. Jack Link also states that it cannot obtain the information it seeks through other means of discovery, and the benefits of obtaining the discovery outweigh any burden that may fall on Madison [DE 129, pp. 5–6]. Jack Link maintains that it needs to conduct the additional depositions in order to present its case fully at trial [DE 129, p. 6].

In opposition, Madison argues that some of the additional depositions Jack Link requests would yield unreasonably cumulative or duplicative discovery; particularly, Madison argues that Jack Link should not be allowed to depose *both* the ship's doctor as well as the ship's nurse [DE 135, p. 4]. Madison maintains that the testimony of these two individuals would be largely similar [DE 135, p. 4]. Additionally, Madison points out that ·Jack Link has already obtained records from Dr. Gonzalez, Dr. Dodds, Dr. Diaz–Gorrichategui, Dr. Channon, Mr. Catafulmo, as well as Ms. Bishop; in light of this, Madison argues that deposing these individuals is unnecessary because Jack Link already has the information it would need [DE 135, p. 4]. Madison also argues that the expense he would incur in conducting the additional depositions would outweigh any likely benefit [DE 135, pp. 4–5]. Moreover, Madison contests that Jack Link cannot justify the necessity of the depositions it previously took without leave of court and cannot adequately demonstrate why any of the additional depositions are necessary [DE 135, p. 5]. Finally, Madison points out that "most of the witnesses [Jack Link] seeks to depose will not be called as a

witness by [Madison], except perhaps in rebuttal." [DE 135, p. 5].

### *Legal Standard*

Federal Rule of Civil Procedure 30 permits a party to take up to ten depositions without leave of court. If a party wishes to take *more* than ten depositions, she must seek leave of court. Fed.R.Civ.P. 30(a)(2)(A)(i). If a court grants a party leave to conduct more than ten depositions, it must do so in a manner consistent with Federal Rule of Civil Procedure 26(b)(2). Fed.R.Civ.P. 30(a)(2)(A)(i). Rule 26(b)(2)(C) requires the court to determine whether: (1) the additional discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R.Civ.P. 26(b)(2)(C)(i)-(iii). Additionally, "[c]ourts have construed Rule 30(a)(2)(A) . . . to require a party seeking leave of court to exceed the [ten]-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court." *AIG Centennial Ins. Co. v. O'Neill,* No. 09–60551, 2010 WL 4116555, *16 (S.D.Fla. Oct. 18, 2010) (emphasis in original).

### *Analysis*

Having considered the arguments presented by counsel at the December 2nd, 2013 hearing, the Court finds that Jack Link justified the necessity of the depositions it previously took without leave of court. It was necessary for Jack Link to depose Madison, because he is the one bringing the claim. The depositions of Angel Narlinger, Evan Narlinger, and Andrew Pratt were necessary because they each had information pertaining to Madison's job duties and scope of employment as well as the contract Madison's em-

---

**2.** Madison seeks over $4.5 million in damages.

ployer had with Jack Link. The deposition of Leo McCann was necessary because he witnessed the incident. The deposition of Pam Madison was necessary because Ms. Madison could testify to the nature and extent of her husband's injuries and how he felt following the incident. The deposition of David Pellico was necessary because, as a friend of Madison, he could offer testimony on Madison's character. The depositions of Dr. Stephen Dodds and Dr. Diaz–Gorrichategui were necessary because these physicians treated Madison at different times and could offer testimony on his condition.[3]

The Court now turns its attention to the eight additional depositions requested by Jack Link in its Motion.

### 1. Dr. David Murray:

■ During the December 2nd, 2013 hearing, Jack Link explained that Dr. Murray was the first doctor to evaluate Madison after the incident, and, as of the date of the hearing, Jack Link still did not have any medical records from this physician pertaining to Madison. Jack Link explained that it needed to depose Dr. Murray because no one else treated Madison so soon after the incident occurred, and no one else could duplicate Dr. Murray's testimony. The Court finds that Jack Link has met its burdens under Rules 26 and 30 and will grant Jack Link leave to depose Dr. Murray.

### 2. T. Bustos–Rocha, R.N.:

■ During the December 2nd, 2013 hearing, when asked by the Court why the testimony of the ship's nurse would not be duplicative of that offered by the ship's doctor, Jack Link explained that it did not know how the nurse's treatment of Madison would have differed from the doctor's treatment. Jack Link further explained that it was not familiar with the ship's protocol and what sorts of treatment the doctor and nurse would have administered. The Court finds that, at this point in time, Jack Link has not met its burdens under Rules 26 and 30 with respect to this witness. Thus, the Court will deny

Jack Link's request to depose Ms. Bustos–Rocha without prejudice, depending on the information elicited during the deposition of Dr. Murray. If, after deposing Dr. Murray, Jack Link believes that Ms. Bustos–Rocha will provide additional, non-cumulative testimony as to the treatment administered to Madison immediately following the incident, then Jack Link may seek leave of Court to take her deposition at that time.

### 3. Barry Godschalk:

■ During the December 2nd, 2013 hearing, Jack Link explained that it needed to depose Mr. Godschalk because, as the ship's electrician, he would know the exact power source that allegedly caused Madison's electric shock injury and could also provide information relevant to liability. Because no other witness appears to have knowledge of the workings of the ship's electrical system, because Jack Link could not obtain similar information through other means of discovery, and because the benefit of having this information is outweighed by undue burden, the Court finds that Jack Link should be permitted to depose Mr. Godschalk under Rules 26 and 30.

### 4. Dr. Christopher Channon:

■ During the December 2nd, 2013 hearing, Jack Link explained that, although it had obtained the medical records pertaining to Dr. Channon's treatment of Madison, it needed to take Dr. Channon's deposition because, following the incident, Madison complained of vision impairment and Dr. Channon was the only eye doctor that Madison had seen. However, in opposition, Madison pointed out that he was not alleging any eye injuries. In light of the fact that Madison does not presently allege that he suffered any eye injuries, the Court will deny Jack Link's request to depose Dr. Channon without prejudice. Jack Link is free to seek leave to depose Dr. Channon at a later date if circumstances change and Madison amends his Complaint to include allegations of eye injuries.

---

**3.** The deposition of Claudio DeBonis, scheduled for December 2nd, 2013, was cancelled prior to the hearing and is not discussed further.

5. **Person with most knowledge from Holland America regarding any ship alterations, repairs, or modifications to the ship's deck from date of incident to present:**

■ During the December 2nd, 2013 hearing, Jack Link explained that it needed to depose this individual because Madison alleged that, following his incident, Holland America had made alterations to the ship's deck. Jack Link further explained that, if this were true, then some of the photographs previous deponents referred to during discovery could be inaccurate. Because no other witnesses would have the same level of knowledge regarding any changes made to the ship's deck, because it does not appear as though Jack Link could have obtained this information through other means of discovery, and because the benefit of having this information is outweighed by undue burden, the Court finds that Jack Link should be granted leave to depose this individual under Rules 26 and 30.

6. **Kimberly Bishop:**

■ During the December 2nd, 2013 hearing, Jack Link explained that Ms. Bishop made her finding that Madison was disabled following the alleged incident that is the subject of the pending lawsuit. Jack Link further explained that Madison's application for social security benefits was initially rejected, and it appears as though, in making her findings, Ms. Bishop failed to consider certain documents. Jack Link wishes to depose Ms. Bishop about her finding that Madison is disabled, because Madison will most likely attempt to introduce Ms. Bishop's report into evidence at trial. The Court denies Jack Link's request to depose Ms. Bishop without prejudice; the Court will re-consider this request in the event Jack Link produces legal authority supporting the propriety of deposing a Social Security Administration employee about the reasons behind a finding that a claimant is disabled.

7. **Dr. Frank Catafulmo:**

■ During the December 2nd, 2013 hearing, Jack Link explained that, although it has the medical records of Madison's visit to Dr. Catafulmo, it needs testimony from Dr. Catafulmo to understand their contents. The Court finds that no other witness would have the same level of knowledge regarding these medical records, and Jack Link could not obtain the more detailed information it seeks through other means of discovery. Furthermore, the benefit Jack Link would receive from obtaining testimony from Dr. Catafulmo would outweigh any undue burden. The Court finds that Jack Link should be granted leave to depose Dr. Catafulmo.

8. **Dr. Patrick Gonzalez:**

The Court also permits the deposition of Dr. Gonzalez. As Jack Link indicated in its Motion, this deposition has already been coordinated, and Madison did not offer any argument for why it would oppose this deposition in particular.

In light of the foregoing, and for the other reasons stated on the record at the December 2nd, 2013 hearing, it is hereby

**ORDERED AND ADJUDGED** that Jack Link's Motion for Leave to Take Additional Depositions [DE 129] is **GRANTED IN PART AND DENIED IN PART.** The Court grants Jack Link leave to depose the following individuals:

1. Dr. David Murray;

2. Barry Godschalk;

3. Person with the most knowledge from Holland America regarding any ship alterations, repairs, or modifications to the ship's deck from date of incident to present;

4. Dr. Frank Catafulmo; and

5. Dr. Patrick Gonzalez